The Honorable Paul Miller State Senator P.O. Box 488 Melbourne, AR 72556-9511
Dear Senator Miller:
This is in response to your request for an opinion on the following question:
 Because A.C.A. § 26-26-1103(a) requires the county assessor to deliver to the clerk of the board of equalization his completed assessment tax record, showing the total assessment of the county as made by the assessor, on or before August 1 of each year, can the Assessment Coordination Department legally require the assessor to update deeds within 20 working days of changes to the deeds after August 1?
RESPONSE
It is my opinion that the answer to this question is "yes," pursuant to both the general supervisory authority of the Assessment Coordination Department (hereinafter "the Department") over county assessors (A.C.A. §§ 26-24-102 (Supp. 1999) and 26-24-105 (Repl. 1997)), and the Department's specific authority to develop rules relating to reappraisal procedures under Act 1185 of 1999 (A.C.A. §§ 26-26-1901 et seq.).
The statute you have cited, A.C.A. § 26-26-1103 (Repl. 1997), addresses the county assessor's obligation to deliver his assessment report to the clerk of the county board of equalization. It states as follows under subsection (a):
 The county assessor shall, on or before August 1 of each year, deliver to the clerk of the board of equalization his completed assessment tax record, showing the total assessment of the county as made by the assessor. He shall also furnish such other information as the board may request of the assessor.
See also A.C.A. § 26-26-716 (Repl. 1997) (requiring the assessor to file his "report of assessment of all real property of the county" with the county clerk on or before the third Monday in August).
These Code provisions have been cited by this office in support of the conclusion that the assessor is precluded from making changes to the current year tax books once his authority to assess property for that year ends, i.e., July 1 in the case of real property (A.C.A. §26-26-1101(Repl. 1997)). See Op. Att'y Gen. 91-238. As stated in Opinion91-238:
 [O]nce the county assessor's authority to assess property ends, either on July 1st [real property] or July 31st [personal property], the assessor is precluded from making changes to the tax books for that year, with exceptions noted below. This conclusion is supported by the fact that the assessor must deliver a copy of his completed assessment tax record to the clerk of the county equalization board by August 1st, and by the fact that on or before the third Monday in August, the assessor must file his report of the assessment of all real and personal property of the county with the county clerk, both of which indicate the conclusion of the assessor's part of the property tax assessment process. . . . After the county assessor has turned the tax assessment books over to the county clerk, it appears that the only changes that may be made to those books include adjustments ordered by the county court or the county or state equalization board, the addition of erroneously omitted assessments, and the correction of actual and obvious errors on the tax books and related records. [Citations omitted.]
Id. at 2.
I agree with this conclusion regarding changes to the current year tax books after the assessor's authority to assess for that year has ended. This does not, however, in my opinion, have relevance in the context of your question involving the updating of deeds as mandated by the Department. This mandate emanates from Act 1185 of 1999 (A.C.A. §§26-26-1901 through 1911 (Supp. 1999)), which established a reappraisal requirement for all counties in Arkansas. See A.C.A. § 26-26-1902. Each county is in a stage or process of reappraisal pursuant to Act 1185. The Department is authorized and directed to promulgate regulations for the implementation of the act. A.C.A. § 26-26-1911. Section 26-26-1905 also states as follows regarding the Department's rulemaking authority relating to reappraisal procedures:
 (a) To carry out the provisions of this subchapter, the Assessment Coordination Department, as it deems necessary, appropriate, and consistent with the objectives of this subchapter, shall:
 (b) (1) Develop and implement rules relating to reappraisal procedures to be followed by counties, specifying annual objectives with respect to the discovery, listing, and valuation of real property for assessment purposes[.]
The requirement you have noted regarding deed updates is found in Rule 3.30 of the rules developed by the Department in implementation of Act 1185. See Assessment Coordination Department Rules and Regulations, Chapter 3 (effective October 1, 1999). Rule 3.30 is entitled "Minimum Acceptable Standards for Performance Audits,"[1] and states:
 All deeds which necessitate a change of name or legal description, that are more than 20 days past their filing date must have been entered into the county's CAMA system [computer assisted mass appraisal system — see A.C.A. § 26-26-1906]. A finding that the county is more than 20 working days behind in deed entry will result in a report the reappraisal is out of compliance with progress established by the county's reappraisal plan.
This rule falls squarely within the Department's rulemaking authority under Act 1185. The Department's "full power and authority" to direct and supervise all county assessors and the assessment of property is also well established. See A.C.A. §§ 26-24-102 and — 105. With regard to your concern involving the completed assessment record under A.C.A. §26-26-1103, I must note that Rule 3.30 does not purport to authorize any change in the assessment tax books for the year in which the property is due to be assessed after assessment for that year has been completed. Rather, as indicated by the title of Rule 3.30 (see above), the deed entry requirement is for auditing purposes. It should not be construed as changing or as authorizing any change in the property's current assessment as reflected on the completed assessment records.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The stated objectives of Act 1185 include the establishment of "planning and quality assurance guidelines in each county to ensure that . . . standards of appraisal accuracy are maintained, work is finished on time, and staff and resources are used wisely[.]" A.C.A. § 26-26-1904
(3). The Department measures each county's progress and its performance of reappraisal services. Id. at subsection (6).